**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| COTTRELL STEWART, | : | |
| | : | Civil Action No. 10-6428 (JBS) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| CAMDEN COUNTY CORRECTIONAL | : | |
| FACILITY, et al., | : | |
| | : | |
| Respondents. | : | |

**APPEARANCES:**

Petitioner pro se
Cottrell Stewart
Camden County Correctional Facility
Camden, NJ 08102

**SIMANDLE**, District Judge

　　Petitioner Cottrell Stewart, a pre-trial detainee currently confined at Camden County Correctional Facility at Camden, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  The named respondents are Camden County Correctional Facility and Camden County Police

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

Department.[2]  Because it appears from a review of the Petition that Petitioner is not entitled to relief, the Petition will be dismissed.  See 28 U.S.C. § 2243.

## I.  BACKGROUND

Petitioner asserts that he is a pre-trial detainee who was arrested pursuant to a warrant.  He challenges the validity of the warrant and his detention without a probable cause hearing.  Petitioner also asserts that the $50,000 bail is too high.

Petitioner is represented by counsel in his state criminal proceedings.  He has filed a motion to dismiss the charges against him, but has not otherwise exhausted his state remedies.

Petitioner seeks all appropriate relief.

## II.  STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

---

[2] These entities are not proper respondents to a habeas petition.  See Rumsfeld v. Padilla, 542 U.S. 426, 434-36 (2004) ("in habeas challenges to present physical confinement – 'core challenges' – the default rule is that the proper respondent is the warden of the facility where the prisoner is being held") (citations omitted); 28 U.S.C. § 2243.  Because this Petition is otherwise dismissible, this Court need not rest its decision on the failure to name a proper respondent.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See <u>Royce v. Hahn</u>, 151 F.3d 116, 118 (3d Cir. 1998); <u>Lewis v. Attorney General</u>, 878 F.2d 714, 721-22 (3d Cir. 1989); <u>United States v. Brierley</u>, 414 F.2d 552, 555 (3d Cir. 1969), <u>cert. denied</u>, 399 U.S. 912 (1970). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See <u>Lonchar v. Thomas</u>, 517 U.S. 314, 320 (1996); <u>Siers v. Ryan</u>, 773 F.2d 37, 45 (3d Cir. 1985), <u>cert. denied</u>, 490 U.S. 1025 (1989). <u>See also</u> 28 U.S.C. §§ 2243, 2255.

### III.  ANALYSIS

Addressing the question whether a federal court should ever grant a pre-trial writ of habeas corpus to a state prisoner, the Court of Appeals for the Third Circuit has held:

(1) federal courts have "pre-trial" habeas corpus jurisdiction;

(2) that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present ... ;

(3) where there are no extraordinary circumstances and where petitioner seeks to litigate the merits of a constitutional defense to a state criminal charge, the district court should exercise its "pre-trial" habeas jurisdiction only if petitioner makes a

> special showing of the need for such adjudication and has exhausted state remedies.

<u>Moore v. DeYoung</u>, 515 F.2d 437, 443 (3d Cir. 1975).

Exhaustion is required of a state pre-trial detainee seeking a federal writ of habeas corpus. In the absence of exhaustion, this Court should exercise pre-trial habeas jurisdiction only if "extraordinary circumstances are present."

Petitioner has admitted that he did not exhaust his state court remedies during the few weeks between the date of his arrest and the date he submitted this Petition. He has not alleged any extraordinary circumstances that would justify this Court's exercise of jurisdiction at this time. Accordingly, there is no basis for this Court to intervene in this pending state criminal proceeding.

## IV.  <u>CONCLUSION</u>

For the reasons set forth above, the Petition will be dismissed without prejudice. An appropriate order follows.

                                                  <u>s/ Jerome B. Simandle</u>
                                                  Jerome B. Simandle
                                                  United States District Judge

Dated:  **December 12, 2011**